Page 8  8    3 3 1 4 4 5 1 5 1 4 6 6 6 6 2 2 2 3 3 3 1 1 1 The Jury's verdict says Hector Gonzalez Pegan has more faith than 30 percent confidence to appear. Next case is Hector Gonzalez Pegan versus the MSPB, 2018-1572. Mr. Rodriguez.  I would like to change the location of the argument, the time, instead of... You have up to 15 minutes. You can break it up any way you like. I would like to split it equally. That's fine. Just stop talking at seven and a half minutes. Yes, Your Honor. Basically, Your Honor, this is a case that was dismissed. Summarily, before any motion was so responded, I will do appropriate by the administrative judge of the MSPB. And we emphasize on giving the judge the procedures before. Did you ever make an allegation to the MSPB that the VA had knowledge of Mr. Gonzalez Pegan's military service? Yes, Your Honor. Where did you make that allegation? We submitted the complete decision of the lower court, the copy of the complaint, and the sworn statement from Mr. Gonzalez. But knowledge isn't enough. Do you have evidence that that was a factor and is not being hired? In the allegations we put out, it was a unique case. In the lower court, it didn't go through discovery. The government didn't produce any discovery. So we finally go from receiving an answer to an interrogatory directly to trial. But it's your burden to present a non-frivolous allegation of nexus. Yes, Your Honor. In the allegations, it was included that 14 employees were hired. The majority of them, after he was denied that job, and out of the 14, none was a member of the military. He was the only one. But that doesn't necessarily mean there was some animus here based on his military service. Yes, Your Honor. It was alleged that he was prepared. He was actually hired. The reason for not hiring was a matter of not being a physician. Was he hired or was he invited to be a candidate? He received the invitation for filling all the documents. Once he completed the filing of all the documents, he was in the process of being sworn in and getting his credentials. That's when everything stopped. After he submitted all the documents and he went through getting his security clearance. And they said that he was not hired because the position was vacated. But then they hired 14 people after. Actually, 19. But none of them were in the military. And he was not even offered the position. He was hired and he applied before them. So basically, in terms of time, he was before them. So he should be asked to come and decline the position. Are you asking for an inference that when the federal government hires non-veterans, that they have an anti-military bias? Well, actually, he wasn't a veteran. He was a veteran, but he was on the reserve. He was on active duty. He was active reservist. Okay. So are you asking for an inference that when the government hires non-service members, that there's a bias against service members? In this particular case, the VA clinic of San Juan, that's the way it was. And if we take into consideration at the point of time that the case was dismissed, it was basically at the initial. He just filed for it. So at the beginning of the case, he just needed to meet the criteria for the case. The case didn't go to trial. It didn't go to any discovery or anything. At the MSPB, the judge determined that he didn't meet the criteria for filing the case. He found that there was no non-frivolous allegation. Isn't that correct? Before the MSPB or before the agency? Before the MSPB. We respectfully contest that because based on the documents that we submitted, including it was a decision from the U.S. District Court that that was addressed by the government. And the U.S. District Court sustained our objection and sustained the charge. But later, on the U.S. reserve, but it was later agreed between the parties that the forum with jurisdiction is going to be the MSPB. The decision was submitted to the court. It's on page 62. So that issue was already submitted. You say there's a U.S. District Court opinion holding that there was a USERRA violation. Yes. Where is that in your record? It's on page 62. Of the appendix to the brief. How does the U.S. District Court have jurisdiction over the employment or non-employment? Mr. Gonzalez. Sorry, Your Honor. How does the District Court have jurisdiction over this case? What happened, we filed a multiple complaint before the U.S. District Court. And where does that stand now? It's still, the case on the marriage went to trial and it's on appellate court right now. At an appellate court? But not the USERRA case. The claim under USERRA was sustained at the beginning, but it wasn't jurisdictionally proper to be addressed by the U.S. District Court. And you're saying the District Court found that there was a USERRA violation here? And the answer is no, it did not. I just read what you pointed out, and what it is is a motion to dismiss. And the magistrate judge held that based on the pleading of failure to state a claim under USERRA, that it taken as true, there could be a USERRA claim, so the court declined to dismiss under the standards for a motion to dismiss. There wasn't a finding that there was a USERRA violation. But it wasn't dismissed, that's what it meant. That it wasn't dismissed under the District Court. It was dismissed later based on the fact that the District Court doesn't have jurisdiction. I don't know where that gets you. Your Honor, in the case of, we cite a case from this honorable court, where it says for filing, it's in the case of, let me see if I get the last name correctly, that for initial pleadings before the MSPB, there's a criteria that we have to meet. And it was, we met those minimum requirements for filing a case at the MSPB. How do we know from the record? Do you have the complaint that the magistrate judge declined to dismiss in the record? Yes, Your Honor, it was submitted. Where's that? Is that the complaint that starts at 14? It's the exhibit 11, page 83. The reason I have to go with all the procedures before, due to the time that this case was filed before the MSPB, at the time there was a different opinion between circuits about USERRA. The statute of limitations for circuit had four years, for circuit didn't. So we have to go through all the different procedures before. So that's the reason we submit all these prior documents. Finally, the law changed, but the MSPB appeal is on page 83 of the... They have a format that you have to submit and a statement on page 89, base 1089. Counsel, you wanted to save a good deal of your time. You have five minutes left. You can continue talking or reserve it. If there's enough for a question, we reserve it. All right, let's hear from the government. Ms. Lederer, morning. May it please the court. Excuse me. Petitioner failed to establish MSPB jurisdiction over his USERRA appeal because he did not non-privilegedly allege a connection between his military service and the agency's decision not to select him for the position. To establish MSPB jurisdiction over a USERRA appeal, petitioner must show, one, that he performed military service, two, that he lost a right or benefit of employment, and three, that his service was a substantial or motivating factor for the loss of the right or benefit. And the administrative judge in this case properly found that, although he had plausibly made a non-frivolous allegation for the first two requirements, he did not make one for the third. The administrative judge gave petitioner ample opportunity to meet his burden of making a non-frivolous allegation of jurisdiction by issuing an eight-page jurisdictional order that explained the requirements. Well, what about these 17 people who were allegedly hired for the same position? Well, he did not actually allege those people were hired for the same position in the same location that he was applying for. He just said the agency hired 17 people during the period in which, according to petitioner, they were claiming that they had budget cuts and they couldn't fill his position. As I recall the record, he went home and a substantial period of time elapsed, something in the order of years. So I assume that those 14 people are hired over that period of years? I believe it was months, but I'm not sure. But also, he never actually received an offer of employment. He received a pre-offer letter. And then subsequently, it's not clear exactly what happened, but the agency eventually told him that the position had been eliminated. Is there anything in the record to suggest that the agency was aware of his military status at any point in time? Well, he does allege that he had received treatment at the VA clinic, and so they could have been aware of it through that means. Given the liberal way that USERA allegations are construed at the jurisdictional stage, the judge sort of accepted that that was plausibly alleged. And if I could just say something about the district court proceedings. The district court case that he brought alleged Title VII violations as well as a USERA violation. The court actually dismissed the USERA allegation without prejudice because he had not exhausted his procedures at the MSPB, so that portion of it was then heard by the MSPB. The court never made a ruling about a USERA violation one way or the other, except to dismiss it without prejudice. The jurisdictional order that the judge issued, the administrative judge issued, explained the non-frivolous allegation standard and stated that conclusory or unsupported allegations would not be sufficient to meet that standard. He made an allegation somewhere in the briefs that the particular position for which he had applied was filled by somebody's relative. I don't know if it was more specific than that, who of course was not in the service, according to this. Well, he didn't make any allegations regarding that person's military status at all. So he just said it was the brother of a local political candidate. So he still didn't draw a connection between the military service and the selection. But was that the position for which he did apply? Had it been eliminated? Was it recreated? He alleges it was the same position, but he did not supply any other evidence with regard to that. In response to the judge's jurisdictional order, Petitioner merely reiterated the same conclusory allegations he had made in his initial pleadings and declined to provide any further evidence or argument. And I would point out that Petitioner was represented by an attorney at all stages of this proceeding as well. So Petitioner's allegations do nothing to provide the required link between his military service and the non-selection. For example, Petitioner's claim that the job he applied for was later given to the brother of a political candidate but did not allege anything about that person's military status. And his claim that the agency hired 17 people during the time he was not hired also did not allege anything specific about which positions those individuals were hired for and that it was the same position that he had applied for. So these allegations are nothing more than conclusory statements and do not rise to the level of a non-frivolous allegation. So because Petitioner was given the opportunity to establish poor jurisdiction over his use-error appeal and informed of the requirements to do so but failed to articulate a non-frivolous allegation of a use-error violation, this appeal should be dismissed. And if there are no further questions, I will... Thank you, Counsel. Mr. Rodriguez has some rebuttal time if he wishes. Your... The way the... The appellant became aware of the situation was because he filed a FOIA. That's how he got the information. First, he got the... It's on the... In the complaint. First, he was told that the positions were vacated. A couple of years later, he asked for a congressional inquiry. The same information came out. Then he filed for a FOIA. And he found that actually 17 employees were... Over what period of time are we talking? Within two or three years. It seemed like three years to me. Correct. And that's... So the 17 people were over the course of three years? No, two years. During those two years. Later, during trial at the district court, two other people were found that were hired. Were any of those other than somebody's brother or brother-in-law allegedly hired for the same position? Yes, Your Honor. But it came after. That information came during the trial at the USDC court, and it was in November, December. But the government says that the case was dismissed for lack of jurisdiction. Is that... No, Dussera. Dussera case. The case went to trial. It was Dussera and the title 7. So other evidence came in for other claims. Correct. And that's when, under the testimony, under oath before the court, it was discovered that all the people were hired for equivalent position. What's the status of the title 7 claim? The case was after the trial. It was a bench trial, and we agree on it. And it's on appeal because we did not survive that trial. Right. Based on the fact that we can provide the court... It's on appeal where? First Circuit? Based on the evidence. One evidence is contested. The problem here is not that 17 other people were hired, but that he didn't show that he was not hired because of his military service. Correct. It can be... It can be... What was the military status of the politician's brother? None. I'm sorry. None. He didn't have any military. None of them, they have... Was there evidence to that effect? Yes, all the testimony. Only he was there in the active military. Two were prior veterans of those 19 hired. But it's not under... Veterans are privileged. It's under the reserve, which makes the difference. But basically, on page 6, we mentioned the case of Lenz versus MSPB, number 2017-1285, where the court dismissal of Lenz for lack of jurisdiction was done on the agency motion before he had a chance to develop the full record. And that case was at the beginning. It was under a motion to dismiss from the government. This case was just filed and has been dismissed. What we ask is for the case to be... The decision to be revoked and remanded for the discovery can be actually exercised because this is not a really common case. Discovery was not done at the U.S. district level. And the way it was, the information provided by the VA clinic of San Juan was completely out of the normal ways because after a congressional inquiry saying that they didn't hire anybody, under a FOIA, my client found that they hired 19 people. So it has been struggling for him from finding the information. Even for the people who were in the military service, they were not admitted that information until trial. During the trial, the government admitted that none of them were in active duty military status as a reservist. Thank you, counsel. We have your argument. Case is submitted.